**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANN BAKER PEPE,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION and<br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS<br><br>        Defendants. | Case No.: 1:12-cv-11110-DJC |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF**
**STIPULATION OF CLASS ACTION SETTLEMENT AS AMENDED**

Plaintiff Anne Baker Pepe ("Plaintiff"), on behalf of the proposed Settlement Class and through her attorneys, Whatley Kallas, LLP, respectfully moves the Court to enter an order preliminarily approving the proposed Stipulation of Settlement as amended. In support of this motion, Plaintiff states as follows:

1.      On July 11, 2014, the Parties executed the Stipulation of Settlement (Dkt. # 86-1)(the "Stipulation").

2.      On August 6, 2014, the Court issued an Order (Dkt. # 88) preliminarily approving the Stipulation (the "Preliminary Approval Order").

3.      Class Counsel was recently informed by Plaintiff that Section IV.C. of the Stipulation erroneously designated the Yale Cancer Center as the proposed recipient of excess funds remaining after all valid claims are paid.

4.      Plaintiff intended to designate Women's Health Research at Yale in New Haven,

Connecticut, which performs research relating to cancer and genetics, among other issues, as the

proposed recipient of any excess funds after all valid claims are paid.

5.      Based on the foregoing, the Parties agreed to this modification to the Stipulation.

The First Amendment to Stipulation of Settlement is attached hereto as Exhibit A.

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter the Order

attached hereto as Exhibit B preliminarily approving the Stipulation as amended.  Other than

modifying the Court's initial Preliminary Approval Order to reflect that the Court is approving

the Stipulation as amended, no other changes to the Court's initial Preliminary Approval Order

are required.  For the Court's convenience, a redlined document comparing the Court's initial

Preliminary Approval Order to the Order presently being requested is attached hereto as Exhibit

C.

Dated: August 22, 2014                          Respectfully submitted,

                                                **WHATLEY KALLAS, LLP**

                                                */s/ Patrick J. Sheehan*
                                                Patrick J. Sheehan (BBO # 639320)
                                                psheehan@whatleykallas.com
                                                60 State Street, 7th Floor
                                                Boston, MA 02109
                                                Tel:  (617) 573-5118


                                                Edith M. Kallas
                                                ekallas@whatleykallas.com
                                                Ilze C. Thielmann
                                                ithielmann@whatleykallas.com
                                                WHATLEY KALLAS, LLP
                                                1180 Avenue of the Americas, 20th Floor
                                                New York, NY 10036
                                                Tel: (212) 447-7060

## **LOCAL RULE 7.1(a)(2) CERTIFICATE**

I hereby certify that counsel for Plaintiff has conferred with Defendants' counsel in a good faith attempt to resolve or narrow the issues concerning this motion before its filing.  As noted above, Defendants consent to this motion.

*/s/ Patrick J. Sheehan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2014, I electronically filed the foregoing *Plaintiff's Motion for Preliminary Approval of Stipulation of Class Action Settlement as Amended* with the Clerk of Court using the ECF system, which will send notification of such filing to all registered participants as identified on the Notice of Electronic Filing.

*/s/ Patrick J. Sheehan*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANN BAKER PEPE,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION and<br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)     Case No.: 1:12-cv-11110-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDMENT TO STIPULATION OF SETTLEMENT

Plaintiff Ann Baker Pepe ("Plaintiff"), on behalf of herself and each of the Settlement

Class Members, by and through Class Counsel, Defendant Genzyme Corporation ("Genzyme"),

and Defendant Defendant Laboratory Corporation of America Holdings ("LabCorp")

(collectively with Genzyme, "Defendants"), by and through their counsel of record, hereby make

and enter into this First Amendment to the Stipulation of Settlement executed on July 11, 2014.

All definitions in the Stipulation of Settlement shall apply to this amendment.

## I.   **RECITALS**

A.   WHEREAS, on July 11, 2014, the Parties executed the Stipulation of Settlement

(the "Stipulation").

B.   WHEREAS, on August 6, 2014, the Court issued an Order preliminarily

approving the Stipulation.

C.      WHEREAS, Class Counsel was recently informed by Plaintiff that Section IV.C. of the Stipulation erroneously designated the Yale Cancer Center as the proposed recipient of excess funds remaining after all valid claims are paid.

D.      WHEREAS, Plaintiff wishes to designate Women's Health Research at Yale in New Haven, Connecticut, which performs research relating to cancer and genetics, among other issues, as the proposed recipient of any excess funds after all valid claims are paid.

E.      WHEREAS, Defendants agree to this modification to the Stipulation.

## II.     AMENDMENT OF STIPULATION, SECTION IV.C.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, and subject to the approval of the Court, Section IV.C. of the Stipulation shall be deleted and replaced with the following:

### C.      Settlement Fund:  Excess Funds

If after all valid claims are paid, money remains in the Settlement Fund, upon approval by the Court pursuant to the cy pres doctrine, the remaining amount shall be paid to Women's Health Research at Yale in New Haven, Connecticut.

IN WITNESS WHEREOF, the Parties hereto have caused this Amendment to the Stipulation to be executed by their duly authorized representatives on this the 22nd day of August, 2014.

Respectfully submitted,

ANN BAKER PEPE,                          GENZYME CORPORATION
By her Attorneys,                        By its Attorneys,

WHATLEY KALLAS, LLC                      DLA PIPER LLP (US)

Patrick J. Sheehan (BBO # 639320)        Robert P. Sherman (BBO #458540)
psheehan@whatleykallas.com               robert.sherman@dlapiper.com
60 State Street, 7th Floor               Matthew A. Holian (BBO #668294)
Boston, MA 02109                         matt.holian@dlapiper.com
Tel: (617) 573-5118                      Janeen A. Blake (BBO #676969)
                                         janeen.blake@dlapiper.com
Edith M. Kallas                          33 Arch Street, 26th Floor
ekallas@whatleykallas.com                Boston, MA 02110-1447
Ilze C. Thielmann                        Tel: (617) 406-6000
ithielmann@whatleykallas.com
WHATLEY KALLAS, LLP
1180 Avenue of the Americas, 20th Floor
New York, NY 10036
Tel: (212) 447-7060

LABORATORY CORPORATION OF
AMERICA HOLDINGS
By its Attorneys,

CAMPBELL CAMPBELL EDWARDS &
CONROY, P.C.

Kathleen M. Guilfoyle (BBO #546514)
kguilfoyle@campbell-trial-lawyers.com
James M. Campbell (BBO #541882)
jmcampbell@campbell-trial-lawyers.com
Christopher R. Howe (BBO #652445)
chowe@campbell-trial-lawyers.com
One Constitution Center, 3rd Floor
Boston, MA 02129
Tel: (617) 241-3000

AND

James E. Gray, Esq.
Bruce R. Parker, Esq.
Julie L. Galbo-Moyes, Esq.
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 244-7400

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN BAKER PEPE,<br>individually and on behalf of all others<br>similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION and<br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: 1:12-cv-11110-DJC

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AS AMENDED AND DIRECTING
## DISSEMINATION OF CLASS NOTICE

THIS MATTER having been brought before the Court on Motion by Plaintiff Anne Baker Pepe ("Plaintiff"), and based on the stipulation as amended between Plaintiff and Defendants Genzyme Corporation ("Genzyme") and Laboratory Corporation of America Holdings ("LabCorp"), through their respective attorneys, for an Order granting preliminary approval of the class action settlement and directing the dissemination of class notice (the "Motion"), and the Court having reviewed the submissions of the Parties and having found that the Parties are entitled to the relief they seek, and for good cause shown;

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1.       The proposed Stipulation as amended on August 22, 2014, submitted with the Motion and filed with the Court, is within the range of that which may be approved as fair, reasonable, and adequate.  Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as the meaning described in the Stipulation.

2.      Based upon the submissions of the Parties and the evidence submitted therein, the Court conditionally makes the following findings for settlement purposes only, subject to final affirmation at the Final Approval Hearing:   (a) the members of the Settlement Class ("Settlement Class Members") are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiff's claims and the defenses thereto are typical of the claims of Settlement Class Members and the defenses thereto; (d) Plaintiff and her counsel can and have fairly and adequately protected the interests of the Settlement Class Members in this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action and provides substantial benefits to the Parties, the Settlement Class Members and the Court.   These findings are made for settlement purposes only.   The Court expresses no opinion or conclusion in this Order or otherwise about whether class certification would be proper if this case proceeded on the merits.   Defendants may, if the settlement is not fully or finally approved or does not reach its Effective Date, argue and take the position that the elements necessary for class certification are not met in this case.

3.      Accordingly, for purposes of this settlement only, the Court preliminarily approves Plaintiff Anne Baker Pepe ("Class Representative") as representative of the Settlement Class, represented by the Class Counsel set forth below, and conditionally certifies a Settlement Class defined as follows: "all persons who during the Settlement Class Period purchased DNA Banking services in the United States from Genzyme and/or Genzyme Affiliates.   Excluded from the Settlement Class are Defendants' employees, officers, directors, agents, and representatives."

4.      This matter is conditionally certified as a class action for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3).  If the settlement does not receive final approval, Defendants retain the right to assert that this action may not be certified as a class action.

5.      Whatley Kallas, LLP is appointed as Class Counsel.

6.      A Final Approval Hearing shall be held before this Court on January 27, 2015 at at 2:00 p.m. to determine whether: (a) for final affirmation, this action meets each of the prerequisites for class certification and may properly be maintained as a class action on behalf of the Settlement Class for settlement purposes; (b) the Court should finally approve the Stipulation and all terms contained therein as fair, reasonable, and adequate; (c)  the Court should enter a Final Judgment and Order that will be consistent and in accordance with the terms of the Stipulation and will (i) finally approve the terms of the Stipulation, including a provision for the payment of attorneys' fees, costs, and an incentive award to Plaintiff that the Court deems fair, reasonable and adequate; and (ii) release the Released Persons from all further liability to Plaintiff and Settlement Class Members with respect to the Released Claims as set forth in the Stipulation ("Final Judgment and Order").  The Final Approval Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Settlement Class.

7.      At the Final Approval Hearing, the Court will consider and determine whether the Stipulation should be finally approved as fair, adequate and reasonable in light of any timely and valid objections presented by Settlement Class Members and the Parties' responses to any such objections that have been submitted to the Court in accordance with the provisions set forth below.

8.      Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement.  Each Settlement Class Member who wishes to object to any term of this settlement must do so in writing by timely mailing a written objection to each of the following addresses:

*The Court:*

Clerk of the Court
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

*Class Counsel:*

Patrick J. Sheehan
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109

*Genzyme's Counsel:*

Robert P. Sherman
Matthew A. Holian
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447

*LabCorp's Counsel:*

James E. Gray
Julie L. Galbo-Moyes
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202

Any such objection must be postmarked or delivered no later than one hundred thirty (130) days from the date of this Order.  Any such objection must contain (a) the full name, address and telephone number of the Settlement Class Member, and if he or she retains an attorney, the attorney's full name, address, and telephone number, (b) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any), (c) a statement whether the Settlement Class Member or his/her counsel intends to appear at the Final Approval Hearing, (d) proof of membership in the Settlement Class, including a completed Claim Form, and (e) the signature of the Settlement Class Member or her/his counsel.  Any objection that fails to satisfy the above requirements, or that is not timely submitted, will be disregarded by the

Court (absent further order), and deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

9.     Any Person included within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must mail or deliver a written request for exclusion to the Settlement Administrator, care of the address provided in the Class Notice, postmarked or delivered no later than one hundred thirty (130) days from the date of this Order.  The request must state that the Settlement Class Member wishes to be excluded, and must contain (a) the full name, address and telephone number of the Settlement Class Member, (b) proof of membership in the Settlement Class, and (c) the signature of the Settlement Class Member.  Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can opt out only for himself or herself.  No Person may opt out for any other Person or group of persons, nor can any Person within the Settlement Class authorize any other Person to opt out on his or her behalf.  Any request for exclusion that fails to satisfy the above requirements, or that has not been timely sent, will be deemed ineffective, and any Person included within the Settlement Class who does not properly and timely submit a request for exclusion shall be deemed to have waived all rights to opt out and shall be deemed a Settlement Class Member for all purposes.

10.     The Court finds that the manner of dissemination and content of the Class Notice (attached as Exhibits B and C to the Stipulation) meets the requirements of Fed. R. Civ. P. 23, and due process.  The dissemination and content of the Class Notice, as set forth in the Stipulation, constitutes the best notice practicable under the circumstances and provides sufficient notice to members of the Settlement Class.  All costs incurred in connection with the preparation and dissemination of any settlement notices to the Settlement Class shall be promptly paid out of the Settlement Fund.  The Court hereby also approves the appointment of Heffler

Claims Group LLC as the settlement administrator for the purpose of disseminating the Class

Notice. The Court further orders LabCorp to produce, within two business days of the date of

this Order, the unredacted versions of the DNA Repository Catalog, DNA Banking Data

spreadsheet and client contact entry dated September 13, 2013 referred to in the Stipulation, all

of which may contain sensitive non-party protected health information, to the Settlement

Administrator solely for the purposes of communicating with the Settlement Class regarding this

action and implementing the terms of the Stipulation.

11.     If the Stipulation is finally approved, the Court shall enter a Final Judgment and

Order that will be consistent and in accordance with the terms of the Stipulation and will: (a)

finally approve the terms of the Stipulation, including a provision for the payment of attorneys'

fees, costs and an incentive award to Plaintiff that the Court deems fair, reasonable and adequate;

and (b) release the Released Persons from all further liability to Plaintiff and Settlement Class

Members with respect to the Released Claims as set forth in the Stipulation.   Such Final

Judgment and Order shall be fully binding with respect to all members of the Settlement Class

who have not timely and validly requested exclusion and the Released Persons.

12.     In the event that the Stipulation is not approved by the Court, is terminated, or

fails to become effective in accordance with its terms, the entire Stipulation shall become null

and void.   The Defendants shall be equally responsible for any due and unpaid administrative

and notice costs and expenses, including the costs of notifying the Class and any claims

administration costs.

13.     The dates of performance are as follows:

(a)     The Long Form Notice and Short Form Notice substantially in the

forms attached to the Stipulation as Exhibits B and C shall be posted on

www.dnabankingrefund.com, or its substantial equivalent, within ten days of entry of this Order.  A copy of the Stipulation and Claim Form shall be made available to Settlement Class Members through the Settlement Website, or by calling the toll-free number provided by the Settlement Administrator or by writing to the Settlement Administrator.

(b)     Immediately following the entry of this Order, the Settlement Administrator shall commence reasonable and customary searches for the addresses of Settlement Class Members listed in the DNA Repository Catalog and/or DNA Bank Data spreadsheet.  The Settlement Administrator shall send the Short Form Notice by regular mail to any Settlement Class Members identified by those searches.  The Settlement Administrator shall make reasonable efforts to locate and mail the Short Form Notice to the Settlement Class Members listed in the DNA Repository Catalog and/or DNA Bank Data spreadsheet within 30 days following entry of this Order, but may continue to perform searches and mail the Short Form Notice to such Settlement Class Members after the 30 days (but within the Claim-In Period) as appropriate.

(c)     The deadline for filing or submitting objections and requests for exclusion by Settlement Class Members shall be 130 days from the date of this Order (December 15, 2014).

(d)     The Parties shall file and serve papers in support of final approval of the settlement, including the provision for payment of attorneys' fees and reimbursement of litigation expenses to Class Counsel and payment

to the Class Representative, by December 9, 2014.  Any responses by the Parties to any objections that may be timely and validly filed will be filed at the same time as the motion for final approval.

(e)    The Final Approval Hearing shall be held before this Court on January 7, 2015, at 2:00 p.m.

14.    Pending final determination of whether the Stipulation is to be approved, this Court hereby enters a preliminary injunction barring and enjoining the Class Representative and all Settlement Class Members or the Released Persons from directly, representatively, derivatively, or in any other capacity, commencing or prosecuting any action or proceeding in any court or tribunal asserting any claim in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims or the claims set forth in the Stipulation, as applicable to each, until such time as this Court has ruled on the fairness of the settlement terms following the Final Approval Hearing.  This injunction shall be deemed automatically vacated if the settlement is not finally approved or is reversed on appeal.

DATED: _____, 2014

                                  _____
                                    HON. DENISE J. CASPER

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANN BAKER PEPE,<br>individually and on behalf of all others<br>similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION and<br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS<br><br>　　　　　　Defendants. | Case No.: 1:12-cv-11110-DJC |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AS AMENDED AND DIRECTING
## DISSEMINATION OF CLASS NOTICE

THIS MATTER having been brought before the Court on Motion by Plaintiff Anne Baker Pepe ("Plaintiff"), and based on the stipulation as amended between Plaintiff and Defendants Genzyme Corporation ("Genzyme") and Laboratory Corporation of America Holdings ("LabCorp"), through their respective attorneys, for an Order granting preliminary approval of the a class action settlement and directing the dissemination of class notice (the "Motion"), and the Court having reviewed the submissions of the Parties and having found that the Parties are entitled to the relief they seek, and for good cause shown;

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1.　　The proposed Stipulation as amended on August 21, 2014, submitted with the Motion and filed with the Court, is within the range of that which may be approved as fair, reasonable, and adequate.  Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as the meaning described in the Stipulation.

2.       Based upon the submissions of the Parties and the evidence submitted therein, the Court conditionally makes the following findings for settlement purposes only, subject to final affirmation at the Final Approval Hearing:   (a) the members of the Settlement Class ("Settlement Class Members") are so numerous as to make joinder impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) Plaintiff's claims and the defenses thereto are typical of the claims of Settlement Class Members and the defenses thereto; (d) Plaintiff and her counsel can and have fairly and adequately protected the interests of the Settlement Class Members in this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action and provides substantial benefits to the Parties, the Settlement Class Members and the Court.   These findings are made for settlement purposes only.   The Court expresses no opinion or conclusion in this Order or otherwise about whether class certification would be proper if this case proceeded on the merits.   Defendants may, if the settlement is not fully or finally approved or does not reach its Effective Date, argue and take the position that the elements necessary for class certification are not met in this case.

3.       Accordingly, for purposes of this settlement only, the Court preliminarily approves Plaintiff Anne Baker Pepe ("Class Representative") as representative of the Settlement Class, represented by the Class Counsel set forth below, and conditionally certifies a Settlement Class defined as follows: "all persons who during the Settlement Class Period purchased DNA Banking services in the United States from Genzyme and/or Genzyme Affiliates.   Excluded from the Settlement Class are Defendants' employees, officers, directors, agents, and representatives."

4.      This matter is conditionally certified as a class action for settlement purposes only, under Federal Rule of Civil Procedure 23(b)(3).  If the settlement does not receive final approval, Defendants retain the right to assert that this action may not be certified as a class action.

5.      Whatley Kallas, LLP is appointed as Class Counsel.

6.      A Final Approval Hearing shall be held before this Court on- January 27, 2015 at at 2:00 p.m. to determine whether: (a) for final affirmation, this action meets each of the prerequisites for class certification and may properly be maintained as a class action on behalf of the Settlement Class for settlement purposes; (b) the Court should finally approve the Stipulation and all terms contained therein as fair, reasonable, and adequate; (c)  the Court should enter a Final Judgment and Order that will be consistent and in accordance with the terms of the Stipulation and will (i) finally approve the terms of the Stipulation, including a provision for the payment of attorneys' fees, costs, and an incentive award to Plaintiff that the Court deems fair, reasonable and adequate; and (ii) release the Released Persons from all further liability to Plaintiff and Settlement Class Members with respect to the Released Claims as set forth in the Stipulation ("Final Judgment and Order").  The Final Approval Hearing may be postponed, adjourned or continued by further order of this Court, without further notice to the Settlement Class.

7.      At the Final Approval Hearing, the Court will consider and determine whether the Stipulation should be finally approved as fair, adequate and reasonable in light of any timely and valid objections presented by Settlement Class Members and the Parties' responses to any such objections that have been submitted to the Court in accordance with the provisions set forth below.

8.      Any Settlement Class Member may object to the fairness, reasonableness or adequacy of the proposed settlement.  Each Settlement Class Member who wishes to object to any term of this settlement must do so in writing by timely mailing a written objection to each of the following addresses:

*The Court:*

Clerk of the Court
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

*Class Counsel:*

Patrick J. Sheehan
WHATLEY KALLAS, LLP
60 State Street, 7th Floor
Boston, MA 02109

*Genzyme's Counsel:*

Robert P. Sherman
Matthew A. Holian
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447

*LabCorp's Counsel:*

James E. Gray
Julie L. Galbo-Moyes
VENABLE LLP
750 E. Pratt Street
Suite 900
Baltimore, MD 21202

Any such objection must be postmarked or delivered no later than one hundred thirty (130) days from the date of this Order.  Any such objection must contain (a) the full name, address and telephone number of the Settlement Class Member, and if he or she retains an attorney, the attorney's full name, address, and telephone number, (b) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any), (c) a statement whether the Settlement Class Member or his/her counsel intends to appear at the Final Approval Hearing, (d) proof of membership in the Settlement Class, including a completed Claim Form, and (e) the signature of the Settlement Class Member or her/his counsel.  Any objection that fails to satisfy the above requirements, or that is not timely submitted, will be disregarded by the

Court (absent further order), and deemed to have been waived, and the Settlement Class Member asserting such objection shall be bound by the final determination of the Court.

9.      Any Person included within the definition of the Settlement Class who wishes to be excluded from the Settlement Class must mail or deliver a written request for exclusion to the Settlement Administrator, care of the address provided in the Class Notice, postmarked or delivered no later than one hundred thirty (130) days from the date of this Order.  The request must state that the Settlement Class Member wishes to be excluded, and must contain (a) the full name, address and telephone number of the Settlement Class Member, (b) proof of membership in the Settlement Class, and (c) the signature of the Settlement Class Member.  Any Person within the Settlement Class who wishes to be excluded from the Settlement Class can opt out only for himself or herself.  No Person may opt out for any other Person or group of persons, nor can any Person within the Settlement Class authorize any other Person to opt out on his or her behalf.  Any request for exclusion that fails to satisfy the above requirements, or that has not been timely sent, will be deemed ineffective, and any Person included within the Settlement Class who does not properly and timely submit a request for exclusion shall be deemed to have waived all rights to opt out and shall be deemed a Settlement Class Member for all purposes.

10.      The Court finds that the manner of dissemination and content of the Class Notice (attached as Exhibits B and C to the Stipulation) meets the requirements of Fed. R. Civ. P. 23, and due process.  The ~~The~~ dissemination and content of the Class Notice, as set forth in the Stipulation, constitutes the best notice practicable under the circumstances and provides sufficient notice to members of the Settlement Class.  All costs incurred in connection with the preparation and dissemination of any settlement notices to the Settlement Class shall be promptly paid out of the Settlement Fund.  The Court hereby also approves the appointment of Heffler

Claims Group LLC as the settlement administrator for the purpose of disseminating the Class

Notice. ~~W~~The Court further orders LabCorp to produce, within two business days of the date of

this Order, ~~LabCorp shall immediately produce~~ the unredacted versions of the DNA Repository

Catalog, DNA Banking Data spreadsheet and client contact entry dated September 13, 2013

referred to in the Stipulation, all of which may contain sensitive non-party protected health

information, to the Settlement Administrator solely for the purposes of communicating with the

Settlement Class regarding this action and implementing the terms of the Stipulation.

11.     If the Stipulation is finally approved, the Court shall enter a Final Judgment and

Order that will be consistent and in accordance with the terms of the Stipulation and will~~: (a)~~

~~order LabCorp to produce unredacted versions of the DNA Repository Catalog, DNA Bank Data~~

~~spreadsheet and client contact entry dated September 13, 2013 referred to in the Stipulation, all~~

~~of which may contain sensitive non-party protected health information, to the Settlement~~

~~Administrator solely for the purposes of communicating with the Settlement Class regarding this~~

~~action and implementing the terms of the Stipulation;~~: (~~b~~a) finally approve the terms of the

Stipulation, including a provision for the payment of attorneys' fees, costs and an incentive

award to Plaintiff that the Court deems fair, reasonable and adequate; and (~~b~~c) release the

Released Persons from all further liability to Plaintiff and Settlement Class Members with

respect to the Released Claims as set forth in the Stipulation.  Such Final Judgment and Order

shall be fully binding with respect to all members of the Settlement Class who have not timely

and validly requested exclusion and the Released Persons.

12.     In the event that the Stipulation is not approved by the Court, is terminated, or

fails to become effective in accordance with its terms, the entire Stipulation shall become null

and void.  The Defendants shall be equally responsible for any due and unpaid administrative

and notice costs and expenses, including the costs of notifying the Class and any claims administration costs.

13.     The dates of performance are as follows:

(a)     The Long Form Notice and Short Form Notice substantially in the forms attached to the Stipulation as Exhibits B and C shall be posted on www.DNABankingRefund.com, or its substantial equivalent, within ten days of entry of this Order.  A copy of the Stipulation and Claim Form shall be made available to Settlement Class Members through the Settlement Website, or by calling the toll-free number provided by the Settlement Administrator or by writing to the Settlement Administrator.

(b)     Immediately following the entry of this Order, the Settlement Administrator shall commence reasonable and customary searches for the addresses of Settlement Class Members listed in the DNA Repository Catalog and/or DNA Bank Data spreadsheet.  The Settlement Administrator shall send the Short Form Notice by regular mail to any Settlement Class Members identified by those searches.  The Settlement Administrator shall make reasonable efforts to locate and mail the Short Form Notice to the Settlement Class Members listed in the DNA Repository Catalog and/or DNA Bank Data spreadsheet within 30 days following entry of this Order, but may continue to perform searches and mail the Short Form Notice to such Settlement Class Members after the 30 days (but within the Claim-In Period) as appropriate.

(c)      The deadline for filing or submitting objections and requests for exclusion by Settlement Class Members shall be 130 days from the date of this Order (December 15, 2014).

(d)      The Parties shall file and serve papers in support of final approval of the settlement, including the provision for payment of attorneys' fees and reimbursement of litigation expenses to Class Counsel and payment to the Class Representative, by December 9, 2014.  Any responses by the Parties to any objections that may be timely and validly filed will be filed at the same time as the motion for final approval.

(e)      The Final Approval Hearing shall be held before this Court on January 7, 2015, at 2:00 p.m.

14.      Pending final determination of whether the Stipulation is to be approved, this Court hereby enters a preliminary injunction barring and enjoining the Class Representative and all Settlement Class Members or the Released Persons from directly, representatively, derivatively, or in any other capacity, commencing or prosecuting any action or proceeding in any court or tribunal asserting any claim in law or equity that asserts, arises from, concerns, or is in any way related to the Released Claims or the claims set forth in the Stipulation, as applicable to each, until such time as this Court has ruled on the fairness of the settlement terms following the Final Approval Hearing.  This injunction shall be deemed automatically vacated if the settlement is not finally approved or is reversed on appeal.

DATED: _____, 2014                    _____
                                                                    HON. DENISE J. CASPER