UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANN BAKER PEPE,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GENZYME CORPORATION and<br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   Case No.: 1:12-cv-11110-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FINAL APPROVAL ORDER, DECREE AND JUDGMENT

THIS MATTER having been brought before the Court jointly by Plaintiff Anne Baker Pepe ("Plaintiff") and Defendants Genzyme Corporation ("Genzyme") and Laboratory Corporation of America Holdings ("LabCorp"), through their respective attorneys, for an Order granting final approval of a class action settlement (the "Motion"); and the Court having reviewed the submissions of the Parties,[1] having held a hearing on January 7, 2015, and having found that the Parties are entitled to the relief they seek; and for good cause shown;

The Court makes the following findings:

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

2. With respect to the Settlement Class, the Court finally finds and concludes, for settlement purposes only, that: (a) the Settlement Class

---

[1] Unless otherwise defined herein, all capitalized terms set forth in this Order shall have the same meaning as that set forth in the Stipulation and the Order Granting Motion for Preliminary Approval of Class Action Settlement and Directing Dissemination of Class Notice.

        Members are so numerous as to make joinder of them impracticable; (b) there are questions of law and fact common to the Settlement Class, and such questions predominate over any questions affecting only individual Settlement Class Members; (c) Class Representative's claims and the defenses asserted thereto are typical of the claims of Settlement Class Members and the defenses asserted thereto; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of Settlement Class Members throughout this action; and (e) a class action is superior to all other available methods for fairly and efficiently resolving this action and provides substantial benefits to both the litigants and the Court.[2]  The Court therefore determines that this action satisfies the prerequisites for class certification for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3), and finally certifies the Settlement Class for settlement purposes.

3. Accordingly, for purposes of this settlement only, the Court finally approves Plaintiff as representative of the Settlement Class, represented by the Class Counsel set forth below, and certifies a Settlement Class defined as follows: "all persons who during the Settlement Class Period purchased DNA Banking services in the United States from Genzyme and/or Genzyme Affiliates.  Excluded from the Settlement Class are Defendants' employees, officers, directors, agents, and representatives."

4. Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order.  Such Class Notice has been provided in an

---

[2] These findings are made for settlement purposes only.  The Court expresses no opinion or conclusion in this Order or otherwise about whether class certification would be proper if this case proceeded on the merits.  Defendants may, if the settlement does not reach its Effective Date, argue and take the position that the elements necessary for class certification are not met in this case.

adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of Fed. R. Civ. P. 23, and due process. The Class Notice apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed settlement, of the effect on the members of the Settlement Class, and of their opportunity to opt out of the settlement, to comment on and object to the settlement, and to appear at the Final Approval Hearing. Full opportunity has been afforded to the members of the Settlement Class to participate in the Final Approval Hearing. Accordingly, the Court determines that all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order.

5. As of the date of this Order, no purported members of the Settlement Class have opted out of the Settlement Class or objected to the settlement.

6. The Stipulation was arrived at after extensive arm's-length negotiations conducted in good faith by counsel for all Parties in the above-captioned action, including a day-long mediation before then Magistrate Judge Leo T. Sorokin.

7. This litigation presents difficult and complex issues as to liability and damages, as to which there are substantial grounds for difference of opinion.

8. The settlement terms set forth in the Stipulation are fair, reasonable and adequate in light of the complexity, expense and duration of the litigation, the risks inherent and involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

9. The promises and commitments of the Parties under the terms of the Stipulation, including the creation of the Settlement Fund, constitute fair

value given in exchange for the releases of the Released Claims against the Released Persons.

10. The Parties and each Settlement Class Member have submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of the Stipulation, permitting the Court to retain continuing jurisdiction over this action pursuant to Fed. R. Civ. P. 23. It is in the best interests of the Parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any of the Released Persons that in any way relates to the applicability or scope of the Stipulation, or of this Final Judgment and Order, should be presented exclusively to this Court for resolution by this Court.

Based upon the foregoing, and all of the evidence presented in the record,

**IT IS ORDERED, ADJUDGED, and DECREED** as follows:

1. The Parties' request for final approval of the class action settlement is **GRANTED**.

The Stipulation submitted by the Parties is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the Parties are hereby directed to consummate the Stipulation in accordance with its terms. The Stipulation shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

2. The proposed method for providing relief to Settlement Class Members, as set forth in the Stipulation, is finally approved as fair, reasonable, adequate, just, and in the best interests of the Settlement Class, and the Parties are hereby ordered to provide and comply with the relief described in the Stipulation in accordance with the terms of the Stipulation.

3.      The proposed fee award to Class Counsel and the incentive award to the Class Representative, as set forth in Class Counsel's application, are both approved.  These amounts shall be paid directly to Class Counsel and distributed in accordance with the provisions of the Stipulation.

4.      By this Final Approval Order, Decree, and Judgment entered pursuant to it, effective as of the settlement's Effective Date, Plaintiff and each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class pursuant to § VI.B of the Stipulation shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons.  Effective as of the settlement's Effective Date, the Court orders and enters a permanent injunction barring and enjoining the Parties, the Released Persons, and the Settlement Class Members from bringing, filing, commencing, prosecuting, continuing to prosecute, maintaining, intervening in, participating in, or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory, or other proceeding in law or equity that asserts, arises from, concerns, or is in any way related to the claims as set forth in this Paragraph and as described in the Stipulation.

5.      This Final Approval Order, Decree, and Judgment, the Stipulation, and the settlement which it reflects, and any and all acts, statements, documents, or proceedings relating to the settlement are not, and shall not be construed as, or used as an admission by or against any Released Person of any fault, wrongdoing, or liability on their part, or the validity of any Released Claim, or of the existence or amount of damages.

6.      Without affecting the finality of this Judgment and pursuant to Fed. R. Civ. P. 23, this Court retains continuing jurisdiction over this settlement, including the administration, consummation, and enforcement of the Stipulation.  In addition, without affecting the finality of this Judgment, this Court retains jurisdiction over the Parties, the Released Persons, and each member of the Settlement Class, who are deemed to have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order and the terms of the Stipulation.

7. The Court finds that there is no reason for delay and directs the Clerk to enter judgment in accordance with the terms of this Order and Judgment as of the date of this Order and Judgment.


DATED: _____, 2014      _____
                HONORABLE DENISE J. CASPER